# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 16-2021-DSF (SP) | Date | October 30, 2017 |
|---|---|---|---|
| Title | JAVIER CORRALES v. RIVERSIDE COUNTY SHERIFF DEPARTMENT, et al. | | |

Present: The Honorable **Sheri Pym, United States Magistrate Judge**

| Kimberly I. Carter | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff: Attorneys Present for Defendant:

None Present   None Present

**Proceedings:** **(In Chambers) Order to Show Cause Why Complaint Should Not Be Dismissed for Failure to Prosecute**

On September 22, 2016, plaintiff Javier Corrales, who was then a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On December 20, 2016, defendants filed a motion to dismiss, which plaintiff opposed on January 6, 2017. The court has not ruled on the motion to dismiss. Rather, on January 10, 2017, the court stayed the case pending completion of a settlement conference.

At the same time he opposed the motion to dismiss on January 6, 2017, plaintiff also filed a notice of a change in his address. Thus, plaintiff's address of record (8427 63rd Street, Riverside) with the court is the address he reported on January 6, 2017.

Since staying the case, the court has attempted to contact plaintiff to schedule a settlement conference; however, plaintiff did not appear for the conference as scheduled. He was released from custody, and the court has recently been unable to contact him at his address of record. Mail to petitioner at his current address of record has not been returned to the court, but from the failed efforts to reach plaintiff for his settlement conference, it appears he is no longer at his address of record.

On September 27, 2017, the court issued an order lifting the stay of this action, and directed plaintiff to update his address of record. In its September 27, 2017 order, the court advised plaintiff that it appeared he failed to follow Local Rule 41-6's requirement to promptly notify the court of a change of address, which states as follows:

> If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-2021-DSF (SP) | Date | October 30, 2017 |
|---|---|---|---|
| Title | JAVIER CORRALES v. RIVERSIDE COUNTY SHERIFF DEPARTMENT, et al. | | |

date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The court ordered plaintiff to respond to the order by October 11, 2017, by informing the court of his current address of record. Over two weeks having passed beyond the court's deadline, plaintiff has not informed the court of his current address of record or otherwise communicated with the court. It therefore appears that plaintiff has failed to follow the court's order. Plaintiff's failure to comply with the court's order and failure to comply with Local Rule 41-6 renders this action subject to dismissal for failure to comply with a court order and failure to prosecute.

Accordingly, within **fourteen (14)** days of the date of this Order, that is, by **November 13, 2017**, plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with a court order. Plaintiff is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the dismissal of this action without prejudice.